UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LASHAWNA WILLS,<br><br>                          Plaintiff,<br>v.<br><br>AMENTUM SERVICES, INC., *et al.*,<br><br>                          Defendants. | Case No.: 3:22-cv-01966-BAS-AHG<br><br>**AMENDED SCHEDULING ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO MODIFY SCHEDULING ORDER**<br><br>**[ECF No. 20]** |

Before the Court is the parties' Joint Stipulation and Proposed Order to Continue Trial and Modify the Scheduling Order ("Joint Motion"). ECF No. 20. After reviewing the Joint Motion, the Court required the parties to submit a Joint Deposition Plan via email to Magistrate Judge Allison H. Goddard, with a complete list of the depositions that remain to be taken with firm deposition dates for each. After reviewing the Joint Deposition Plan and consulting with the presiding District Judge in this matter, the Court finds good cause to **GRANT in part** and **DENY in part** the Joint Motion. The Scheduling Order is hereby **AMENDED** as follows:

    1.    Counsel shall refer to the Standing Order for Civil Cases for the Honorable Cynthia Bashant, which is accessible via the Court's website at www.casd.uscourts.gov.

    2.    The Court will hold a Discovery Status Conference before Judge Goddard on

**December 15, 2023** at **1:00 p.m.** via **videoconference** using the Court's official Zoom account. Chambers staff will circulate the Zoom invitation to all counsel of record via email at least one business day prior. Participants should review the Court's previous Order Modifying MSC to be via Videoconference and Issuing Updated Procedures (ECF No. 14) for technical guidance regarding the use of Zoom, if needed.

3. All **fact** discovery shall be completed by all parties by **January 19, 2024**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, the movant must e-mail chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a neutral statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard.**

4. Plaintiff(s) (or the party(ies) having the burden of proof on any claim) shall serve on all parties a list of experts whom that party expects to call at trial on or before

1    **February 16, 2024**.  Defendant(s) (or the party(ies) defending any claim, counterclaim, crossclaim, or third party claim) shall serve on all parties a list of experts whom that party expects to call at trial on or before **February 16, 2024**.  On or before **March 15, 2024**, any party may supplement its designation in response to any other party's designation, so long as that party has not previously retained an expert to testify on that subject.  Expert designations shall include the name, address, and telephone number of each expert, and a reasonable summary of the testimony the expert is expected to provide.  The list shall also include the normal rates the expert charges for deposition and trial testimony.

The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence.  This requirement is not limited to retained experts.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

5.    All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **February 16, 2024**.  Any contradictory or rebuttal information shall be disclosed on or before **March 15, 2024**.  In addition, Fed. R. Civ. P. 26(e)(1) imposes a duty on the parties to supplement the expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures are due under Fed. R. Civ. P. 26(a)(3) (discussed below).  This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

6.    All expert discovery shall be completed by all parties by **March 29, 2024**.

The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

7. All motions, other than motions to amend or join parties, or motions *in limine*, shall be filed on or before **April 26, 2024**. Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion. **Be advised that the period of time between the date you request a motion date and the hearing date may be up to sixty (60) days. Please plan accordingly.** Failure of counsel to timely request a motion date may result in the motion not being heard.

Any *Daubert* motions shall be filed along with motions for summary judgment unless no motions for summary judgment will be filed, in which case the parties may file *Daubert* motions along with motions *in limine*.

Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of the judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without such leave of court.

8. Pursuant to Local Rule 7.1.f.3.c, **if an opposing party fails to file opposition papers in the time and manner required by Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the Court.** Accordingly, all parties are ordered to abide by the terms of Local Rule 7.1.e.2 or otherwise face the prospect of any pretrial motion being granted as an unopposed motion pursuant to Local Rule 7.1.f.3.c.

9. The Mandatory Settlement Conference ("MSC") is **CONTINUED** to **April 11, 2024** at **2:00 p.m.** before **Magistrate Judge Allison H. Goddard**. As before, the MSC shall take place via videoconference, using the Court's official Zoom account. Participants should review the Court's previous Order Modifying MSC to be via Videoconference and Issuing Updated Procedures (ECF No. 14) for technical guidance regarding the use of Zoom, if needed. The Court's requirements of professional comportment and dress as set forth in that Order are incorporated by reference as though

fully set forth herein, and all participants must review and adhere to those requirements.

Plaintiff must serve on Defendant a **written** settlement proposal, which must include a specific demand amount, no later than **March 21, 2024**. The defendant must respond to the plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court. Counsel for the parties must meet and confer in person or by phone no later than **March 28, 2024**.

Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **April 4, 2024**. The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). The substance of the Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (located at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf).  Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **April 4, 2024**.  The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed).  Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules.

No later than **April 4, 2024**, counsel for each party shall send an email to the Court at efile_goddard@casd.uscourts.gov containing the following:

    a. The **name and title of each participant**, including all parties and party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation;

    b. An **email address for each participant** to receive the Zoom video conference invitation;

   c. A **telephone number where each participant** may be reached; and

   d. A **cell phone number for that party's preferred point of contact** (and the name of the individual whose cell phone it is) for the Court to use during the MSC to alert counsel via text message that the Court will soon return to that party's Breakout Room, to avoid any unexpected interruptions of confidential discussions.

**All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard.**

10. The parties must comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) no later than **July 22, 2024**.  **Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

11. In jury trial cases before the Honorable Cynthia Bashant, neither party is required to file Memoranda of Contentions of Fact and Law pursuant to Civil Local Rule 16.1.f.2.

12. Counsel shall confer and take the action required by Local Rule 16.1.f.4.a on or before **July 29, 2024**.

13. Counsel for the Plaintiff(s) must provide opposing counsel with the proposed pretrial order for review and approval and take any other action required by Local Rule 16.1.f.6.a on or before **August 5, 2024**.

14. The proposed pretrial order shall be lodged with the district judge's chambers on or before **August 12, 2024**, and shall be in the form prescribed in Local Rule 16.1.f.6.

15. The final Pretrial Conference is scheduled on the calendar of the **Honorable Cynthia Bashant** for Monday, **August 26, 2024** at **11:00 AM**.

16. All motions *in limine* are due no later than **September 9, 2024**.

17. All responses to the motions *in limine* are due no later than **September 23,**

1 **2024**.

2  18. The parties shall submit the following no later than **September 23, 2024**: (1) joint proposed jury instructions; (2) proposed verdict form; (3) *voir dire* questions; and (4) statement of the case.

 19. The parties shall exchange final exhibit and witness lists no later than **October 15, 2024**.

 20. A hearing for motions *in limine* is scheduled for Monday, **October 14, 2024** at **10:30 AM**.

 21. The trial in this matter shall commence on Tuesday, **October 22, 2024** at **9:00 AM**.

 22. The dates and times set forth herein will not be modified except for good cause shown.

 **IT IS SO ORDERED.**

Dated: December 4, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge